

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

---

**ANDY G. MOLINA,**

a/k/a ANDY GARCIA MOLINA,

a/k/a ANDY MOLINA GARCIA,

Plaintiff,

*v.*

FEDERAL HOME LOAN MORTGAGE

CORPORATION ("FREDDIE MAC"),

Defendant.

---

Civil Action No. 2:26-cv-2158-KCD-KRH

**PLAINTIFF'S PRO SE EMERGENCY MOTION FOR TEMPORARY**

**RESTRAINING ORDER**

**AND PRELIMINARY INJUNCTION**

**AND MEMORANDUM OF LAW IN SUPPORT**

1

Plaintiff Andy G. Molina, a/k/a Andy Garcia Molina, a/k/a Andy Molina Garcia ("Plaintiff" or "Mr. Molina"), Pro Se, respectfully moves this Court on an emergency basis pursuant to Federal Rule of Civil Procedure 65 for a Temporary Restraining Order ("TRO") and Preliminary Injunction staying and enjoining Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") from placing or maintaining Plaintiff's name on the Freddie Mac Exclusionary List ("E-List"), pending a full hearing and adjudication on the merits.

As set forth below, Plaintiff satisfies all four prongs of the Eleventh Circuit standard for emergency injunctive relief: (1) a substantial likelihood of success on the merits; (2) irreparable harm absent a TRO; (3) the balance of equities favors Plaintiff; and (4) the public interest is served by granting the requested relief. Absent a TRO issued before July 1, 2026, Plaintiff will suffer immediate and irreparable harm to his livelihood, professional reputation, and constitutional rights.

## I. INTRODUCTION AND NATURE OF THE ACTION

This case arises from Freddie Mac's decision to place Plaintiff's name on its Exclusionary List — a drastic, industry-wide blacklist — effective July 1, 2026, based on undisclosed allegations, without affording Plaintiff adequate notice of specific charges, an opportunity for a hearing, or any ability to confront or challenge the evidence relied upon. The E-List is maintained and shared by Freddie Mac with lenders, servicers, and other participants across the entire secondary mortgage market, effectively barring Plaintiff from all professional activity involving Freddie Mac-backed loans.

Freddie Mac's June 23, 2026 decision letter — received just eight days before the stated effective date — provides no factual basis, no legal basis, and no identification of the conduct purportedly giving rise to "undue risk." This bare, conclusory determination, issued without process and without an evidentiary basis disclosed to Plaintiff, cannot withstand legal scrutiny. Plaintiff brings this action to preserve the status quo pending a full and fair hearing.

## II. PARTIES

1.   Plaintiff Andy G. Molina is an individual residing at 3008 Chiquita Blvd. S, Cape Coral, Florida 33914, and is a licensed real estate professional operating in Lee County, Florida.

2. ·  Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a federally chartered corporation established pursuant to 12 U.S.C. § 1451 et seq., with its principal place of business at 8200 Jones Branch Drive, McLean, Virginia 22102. Freddie Mac is a government-sponsored enterprise ("GSE") operating in the secondary mortgage market.

2

## III. JURISDICTION AND VENUE

3.   This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question), as this action arises under federal law, including the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451 et seq., and raises constitutional due process claims cognizable under <u>Bivens v. Six Unknown Named Agents</u>, 403 U.S. 388 (1971), and related doctrines.

4.    This Court also has jurisdiction pursuant to 28 U.S.C. § 1332 to the extent diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiff resides in Lee County, Florida, which falls within the Fort Myers Division of the Middle District of Florida, and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## IV. FACTUAL BACKGROUND

6.    Plaintiff Andy G. Molina is a licensed real estate professional with 9 years of experience in the residential real estate market in Southwest Florida. His livelihood depends on his ability to assist buyers and sellers in transactions involving all categories of mortgage financing, including Freddie Mac-backed loans.

7.   On or about April 17, 2026, Plaintiff received a letter from Freddie Mac advising him that his name was being considered for addition to the Freddie Mac Exclusionary List. A follow-up email was sent on April 20, 2026. The letter did not specify with particularity the conduct alleged, the evidence relied upon, or the legal standard applied.

8.    Plaintiff timely submitted a written response to Freddie Mac's initial notice, presenting his position and requesting clarification of the basis for the proposed listing.

9.   On June 23, 2026, Freddie Mac transmitted a final decision letter — via UPS Overnight and email — advising Plaintiff that, effective July 1, 2026, his name (under both "Andy Garcia Molina" and "Andy Molina Garcia") would be added to the E-List "to prevent undue risk to Freddie Mac." The letter did not specify the factual or legal basis for this conclusion, did not identify any evidence considered, and did not provide any avenue for appeal or further administrative review.

10.   Plaintiff was not afforded a hearing, was not provided the evidence against him, was not given an opportunity to confront witnesses, and was not told what specific conduct triggered the "undue risk" determination.

11.   The E-List is shared broadly across the mortgage industry. Placement on the E-List will bar Plaintiff from participating in any transaction — as agent, broker, or

3

otherwise — involving a Freddie Mac-backed loan, effectively blacklisting him from a substantial portion of the real estate market.

12.    Unless this Court issues a TRO before July 1, 2026, Plaintiff will suffer immediate, irreversible harm to his professional practice, income, and reputation.

## V. LEGAL STANDARD

To obtain a temporary restraining order or preliminary injunction in the Eleventh Circuit, a movant must demonstrate: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered absent the injunction; (3) that the threatened injury to the movant outweighs the harm the injunction may cause the opposing party; and (4) that the injunction would not be adverse to the public interest. Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225–26 (11th Cir. 2005); Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000).

Each factor is met here.

## VI. ARGUMENT

### A. Plaintiff Has a Substantial Likelihood of Success on the Merits.

*i. Freddie Mac Violated Plaintiff's Due Process Rights.*

Freddie Mac's E-List placement implicates a constitutionally cognizable liberty interest in Plaintiff's professional reputation and occupational freedom. See Paul v. Davis, 424 U.S. 693 (1976); Bd. of Regents v. Roth, 408 U.S. 564 (1972). Where government action stigmatizes an individual in connection with a protected liberty or property interest, due process requires, at minimum: (a) notice of the specific charges or conduct at issue; (b) an opportunity to be heard; and (c) a decision based on the evidence presented. Mathews v. Eldridge, 424 U.S. 319 (1976).

Freddie Mac provided none of these protections. The April 2026 notice did not identify specific conduct. The June 23 final determination did not explain its factual basis. No hearing was offered or held. No evidence was disclosed to Plaintiff. This process — or lack thereof — violates the minimum requirements of procedural due process.

*ii. Freddie Mac Breached Its Own Exclusionary Policy.*

Freddie Mac's referenced "Exclusionary Policy" creates procedural obligations that Freddie Mac has failed to honor. The failure to follow its own established procedures independently supports Plaintiff's claims and demonstrates likelihood of success on the merits.

*iii. The Decision is Arbitrary and Unsupported.*

A conclusory finding that Plaintiff poses "undue risk," unsupported by any disclosed factual basis, is the definition of arbitrary action. Such action cannot survive scrutiny

4

under federal common law governing federal corporate entities, applicable administrative law principles, or the Due Process Clause.

### B.  Plaintiff Will Suffer Irreparable Harm Absent a TRO.

Irreparable harm is harm for which money damages are inadequate. Plaintiff's professional reputation, once damaged by public E-List placement, cannot be fully restored by a later monetary award. The E-List is shared industry-wide with lenders and servicers; once Plaintiff's name circulates on this list, the reputational damage is immediate, pervasive, and lasting.

Moreover, the loss of an ongoing professional practice — including current client relationships, pending transactions, and future business — constitutes irreparable harm. See Ferrero v. Associated Materials Inc., 923 F.2d 1441, 1449 (11th Cir. 1991) (loss of business goodwill and professional reputation supports irreparable harm finding). Every day the E-List placement remains in effect, Plaintiff loses business opportunities that cannot be quantified or recovered.

The harm is also imminent: absent this Court's intervention before July 1, 2026, the listing becomes effective and the harm begins immediately.

### C.  The Balance of Equities Favors Plaintiff.

A TRO maintaining the status quo — i.e., Plaintiff's name remaining off the E-List while this matter is litigated — imposes minimal burden on Freddie Mac. Freddie Mac retains all of its other risk management tools and continues to operate unimpaired. By contrast, the harm to Plaintiff from E-List placement is severe and immediate. The balance of hardships strongly favors granting the requested relief.

### D.  The Public Interest Supports Granting a TRO.

The public interest is served by (1) enforcing constitutional due process protections, (2) ensuring that powerful government-sponsored enterprises operate within the law when imposing sanctions on private citizens, and (3) protecting the integrity of the real estate market by ensuring that licensed professionals are not blacklisted without fair process. There is no public interest in allowing an unconstitutional, procedurally defective sanction to take effect before the Court has had an opportunity to review it.

## VII. REQUEST FOR RELIEF

For the foregoing reasons, Plaintiff Andy G. Molina respectfully requests that this Court:

a.  Issue a Temporary Restraining Order immediately staying and enjoining Freddie Mac from placing Plaintiff's name on the Freddie Mac Exclusionary List pending a full hearing on Plaintiff's motion for a Preliminary Injunction;

b.  Schedule an emergency hearing on Plaintiff's Motion for Preliminary Injunction at the earliest practicable date;

5

c.   Issue a Preliminary Injunction maintaining the stay and enjoinment of Plaintiff's E-List placement pending final resolution of this action;

d.   Order Freddie Mac to produce the complete administrative record upon which it based its E-List determination, including all evidence, correspondence, complaints, and internal analyses;

e.   Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

_____

**Andy G. Molina**
**3008 Chiquita Blvd. S**
**Cape Coral, FL 33914**
**Phone: (786)501-0861**
**Email: andy@acerealtyassociates.com**

## CERTIFICATE OF SERVICE

I hereby certify that on ___07/07/26___, I caused a true and correct copy of the foregoing Emergency Motion for Temporary Restraining Order and Preliminary Injunction to be served upon Defendant Federal Home Loan Mortgage Corporation via electronic delivery to: elist_confirmation@freddiemac.com.

**Federal Home Loan Mortgage Corporation**

**8200 Jones Branch Drive**

**McLean, Virginia 22102**

**Telephone: (703) 903-2000**

_____

**ANDY G. MOLINA,**

**Pro Se Plaintff**

6